WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
SYRENA C. HARGROVE
KEVIN MALONEY
ASSISTANTS UNITED STATES ATTORNEY
DISTRICT OF IDAHO
800 E. PARK BOULEVARD, SUITE 600
BOISE, IDAHO 83712-9903
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

U.S. COURTS

JAN 14 2011

Rcvd_____Filed_____Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. |
| vs. | ) **RULE 11 PLEA AGREEMENT** |
| TRIBRAVUS ENTERPRISES, LLC, d/b/a IFORCE NUTRITION, | ) |
| Defendant. | ) |

Rev. July 2010 (General)

I.  **GUILTY PLEA**

  A.  **Summary of Terms.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), the defendant, the attorney for the defendant, and the Government[1] agree that the defendant will waive its right to indictment and plead guilty to Count One of the Information, which charges the defendant with introduction and delivery for introduction of unapproved new drugs into interstate commerce with the intent to defraud and mislead, in violation of 21 U.S.C. §§ 331(d), 333(a)(2).

  This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this Plea Agreement. Upon acceptance of the defendant's guilty plea, and the defendant's full compliance with the other terms of this Agreement, the Government, under Federal Rule of Criminal Procedure 11(c)(1)(B), will recommend the sentence set forth in paragraph VB below and will not bring, under Federal Rule of Criminal Procedure 11(c)(1)(A), any other charges against the defendant or its principals arising out of information currently known to the Government resulting from its investigation into the manufacture and distribution of purported dietary supplements that were actually drugs through an online distributor headquartered in Meridian, Idaho. The defendant agrees that the Court may consider uncharged "relevant conduct" in arriving at an appropriate sentence pursuant to U.S.S.G. § 1B1.3.

  B.  **Oath.** The defendant will be placed under oath at the plea hearing. The Government may use any statement that the defendant makes under oath against the defendant in a prosecution for perjury or false statement.

---

[1] The word "Government" in this Agreement refers to the United States Attorney for the District of Idaho.

**Plea Agreement** -1- Rev. July 2010 (General)

## II. WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The defendant understands that by pleading guilty, it waives the following rights: 1) the right to plead not guilty to the offense charged against the defendant and to persist in that plea; 2) the right to a trial by jury, at which the defendant would be presumed innocent and the burden would be on the Government to prove the defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the defendant. If the District Court accepts the defendant's guilty plea, there will be no trial.

## III. NATURE OF THE CHARGES

**A.** **Elements of the Crime.** The elements of the crime of knowingly and unlawfully causing to be manufactured and distributed in interstate commerce purported dietary supplements which were, in fact, drugs that were not approved by the Food and Drug Administration, in violation of 21 U.S.C. §§ 331(d), 333(a)(2) as charged in Count One of the Information, are as follows:

1. The products "17aPheraFLEX", "Dymethazine" and "Methadrol" are new drugs as defined at 21 U.S.C. § 321(p);

2. The products "17aPheraFLEX", "Dymethazine" and "Methadrol" lacked the New Drug Application approvals required by 21 U.S.C. § 355;

3. Tribravus Enterprises LLC, d/b/a IForce Nutrition, introduced and delivered for introduction the unapproved new drugs "17aPheraFLEX", "Dymethazine" and "Methadrol" into

interstate commerce; and

    4.    Tribravus Enterprises LLC, d/b/a IForce Nutrition, acted with the intent to defraud and mislead.

    **B.**    **Factual Basis.**  If this matter were to proceed to trial, the Government and the defendant agree that the following facts would be proven beyond a reasonable doubt:

Beginning in approximately July 2007, and continuing until September 24, 2009, Tribravus Enterprises LLC, d/b/a IForce Nutrition, knowingly caused to be manufactured and distributed in interstate commerce the purported dietary supplements, "17aPheraFLEX", "Dymethazine" and "Methadrol". Analysis performed by the FDA's Forensic Chemistry Center determined "17aPheraFLEX" contained the synthetic anabolic steroid desoxymethyltestosterone, also known as "DMT" and "Madol"; "Dymethazine" and "Methadrol" were found to contain the synthetic steroid methasterone, also known as methasteron and methyldrostanolone, and commonly referred to in the industry as "Superdrol". Thus, these products were actually drugs that were not approved by the Food and Drug Administration.

IForce Nutrition knowingly and intentionally labeled "17aPheraFLEX", "Dymethazine", and "Methadrol" in a manner that was meant to mislead and deceive consumers and the Food and Drug Administration. IForce Nutrition labeled, marketed and distributed these products as "dietary supplements," when in fact, the active ingredients were unapproved drugs and synthetic steroids, and thus did not meet the legal definition of a dietary supplement (21 U.S.C. §321(ff)).

IForce Nutrition is located in Vista, California. IForce Nutrition distributed "17aPheraFLEX", "Dymethazine", and "Methadrol" to a large Internet-based retailer that has its headquarters in Meridian, ID, and maintains warehouses in Boise, Idaho, and elsewhere. From

on or about July 2007 to on or about September 24, 2009, IForce Nutrition caused "17aPheraFLEX", "Dymethazine" and "Methadrol" to be shipped from California to this retailer's warehouses in Boise, Idaho, and elsewhere. IForce Nutrition distributed approximately 2,828 bottles of these products to these warehouses in Boise, Idaho, and elsewhere which resulted in approximately $120,000 in gross revenue for IForce Nutrition. "17aPheraFLEX", "Dymethazine" and "Methadrol" were subsequently distributed throughout the United States and the world.

During all times relevant to the distributions in this case, IForce Nutrition was owned by Tribravus Enterprises, LLC. David Nelson, who owns ninety-five percent of Tribravus Enterprises, LLC, has authority to bind Tribravus Enterprises, LLC/IForce Nutrition.

## IV.  SENTENCING FACTORS

**A.  Maximum Penalties.** A violation of 21 U.S.C. §§ 331(d), 333(a)(2), as charged in Count One, is punishable by a maximum fine of $500,000 (18 U.S.C. § 3571), a maximum term of supervised release of three years, and a mandatory special assessment of $400.00.

**B.  Fines and Costs.** The parties agree that a fine of $125,000, payable in installments as set forth in paragraph VB3 below, is the appropriate fine in this case.

**C.  Special Assessment.** The defendant will pay the special assessment(s) before sentencing and will furnish a receipt at sentencing. Payment will be made to the United States District Court, Clerk's Office, Federal Building and United States Courthouse, 550 West Fort Street, Fourth Floor, Boise, Idaho 83724.

**D.  Restitution.** The parties anticipate no restitution in this case.

V.   **UNITED STATES SENTENCING GUIDELINES**

   A.   **Application of Sentencing Guidelines.**  The Court must consider the United States Sentencing Guidelines (U.S.S.G.) in determining an appropriate sentence under 18 U.S.C. § 3553.  The relevant guidelines are found at U.S.S.G. §§ 2N2.1(c)(1) and 2B1.1.  The defendant agrees that the Court may consider "relevant conduct" in determining a sentence pursuant to U.S.S.G. § 1B1.3.

   The Court is not a party to the Plea Agreement.  The Plea Agreement does not bind the Court's determination of Sentencing Guidelines range.  The Court will identify the factors that will determine the sentencing range under the Sentencing Guidelines.  While the Court may take the defendant's cooperation, if any, and the recommendations of the parties into account, the Court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

   Recognizing that the Court is not bound by this Agreement, the parties agree to the recommendations and requests set forth below.

   B.   **Sentencing Guidelines Recommendations and Requests.**

      1.   **Acceptance of Responsibility.**  If the defendant clearly accepts responsibility for the offense, the defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under U.S.S.G. § 3E1.1(a).  The Government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the defendant has timely notified authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial

and permitting the Court to allocate its resources efficiently. If, before sentence is imposed, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or not make such a recommendation.

      2.    **Joint Sentencing Recommendation**. The United States and the defendant agree to recommend that the defendant be sentenced to a $125,000 fine, three years of supervised release; and a $400 mandatory special assessment.

      3.    **Joint Recommendation for Fine Payment Schedule**. The parties jointly recommend that the Court impose the following fine payment schedule:

      a. Beginning January 15, 2011, Tribravus Enterprises, LLC, d/b/a IForce Nutrition will pay $1,000 each month for eight months;

      b. Beginning September 15, 2011, Tribravus Enterprises, LLC, d/b/a IForce Nutrition will pay $3,000 per month for six months;

      c. Beginning March 15, 2012, Tribravus Enterprises, LLC, d/b/a IForce Nutrition will pay $4,000 per month for six months;

      d. On September 15, 2012, Tribravus Enterprises, LLC, d/b/a IForce Nutrition will pay $50,000 in one lump sum; and

      e. On March 15, 2013, Tribravus Enterprises, LLC, d/b/a IForce Nutrition will pay the balance of the fine, $25,000, in one lump sum.

4. **Joint Agreement for Testing Procedures as a Part of Supervised Release**. Tribravus Enterprises LLC, d/b/a IForce Nutrition, LLC and any other continuing entities operated or controlled by the officers or principals of IForce agree to monitor and test all products distributed by those companies for a period of five years. "Monitoring and testing" shall include, but is not limited to:

(1) the sampling and analysis for contamination with banned steroids,

(2) at the defendant's expense,

(3) by a reputable independent testing organization involved in the testing and/or certification of food, water, dietary supplements, and other consumer goods,

(4) every lot or batch of finished product intended for sale, unless that lot or batch contains only raw materials that have been tested in a prior lot(s) or batch(es).

"Banned steroids" shall mean the "Tren" (also known as 19-Norandrosta 4,9 diene- 3,17 dione or Estra-4,9-dien-3,17-dione) substance and the steroidal compounds included in the World Anti-Doping Code's Prohibited List, as it exists at the time of testing, excluding DHEA and metabolites specific only to urinalysis.

As part of the defendant's contract with the independent third party testing organization, the defendant shall instruct that organization, upon request, to provide the results of all monitoring and testing directly to the agreed upon District Office of the FDA at the same time it provides those results to the defendant. IForce and any other continuing entities operated or controlled by its principals will not introduce into interstate commerce any product unless and until the monitoring and testing results of that specific lot of product has been received from the independent third party testing organization.

The independent third party testing and monitoring associated with this agreement is separate from and in addition to any monitoring, testing or record-keeping required by relevant statutes or regulations. This monitoring and testing is also separate from, and in addition to, any inspections, sampling, testing, or other regulatory actions authorized by statute or regulation.

VI.     **WAIVER OF APPEAL AND 28 U.S.C. § 2255 RIGHTS**

       A.     In exchange for this Agreement, and except as provided in subparagraph B, the defendant waives any right to appeal or collaterally to attack the conviction, entry of judgment, and sentence.

       The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the plea, conviction or sentence in this case. Further, if the defendant violates this waiver it will be a breach of this Agreement and the Government may withdraw from this Plea Agreement and take other remedial action.

       If the defendant believes the Government has not fulfilled its obligations under this Agreement, the defendant will object at the time of sentencing; further objections are waived.

       B.     Notwithstanding subparagraph A, the defendant shall retain the right to file one direct appeal only if one of the following unusual circumstances occurs; the defendant understands that these circumstances occur rarely and that in most cases this Agreement constitutes a complete waiver of all appellate rights:

       1.     the sentence imposed by the District Court exceeds the statutory maximum;

       2.     the District Court arrived at an advisory Sentencing Guidelines range by applying an upward departure under Chapter 5K of the Guidelines; or

      3.      the District Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory Sentencing Guidelines range as determined by the District Court.

      4.      the sentence is unreasonable based on an incorrect application of the Sentencing Guidelines to which the defendant filed a proper and timely objection.

Notwithstanding subparagraph A, the defendant may file one habeas petition (motion under 28 U.S.C. § 2255) for ineffective assistance of counsel only if: (1) the motion is based solely on information not known to the defendant at the time the District Court imposed sentence; and (2) in the exercise of reasonable diligence, the information could not have been known by the defendant at that time.

## VII. PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The defendant agrees to provide material financial and other information requested by a representative of the United States Probation Office for use in preparing a presentence report. Failure to execute releases and provide such information violates this Agreement. Such failure will subject the defendant to additional penalties, including an enhancement under U.S.S.G. § 3C1.1, or an upward departure under § 5K2.0, and relieve the Government of the obligations in this Agreement. Such failure will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests.

## VIII. NO RIGHT TO WITHDRAW PLEA

The defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing. The defendant cannot withdraw from this Plea Agreement or the guilty plea, regardless of the Court's actions.

## IX. CONSEQUENCES OF VIOLATING AGREEMENT

**A.     Government's Options.** If the defendant fails to keep any promise in this Agreement or commits a new crime, the Government is relieved of any obligation not to prosecute the defendant on other charges, including charges not pursued due to this Plea Agreement. Such charges may be brought without prior notice. In addition, if the Government determines after sentence is imposed that the defendant's breach of the Agreement warrants further prosecution, the Government may choose between letting the conviction(s) under this Plea Agreement stand or vacating such conviction(s) so that such charge(s) may be re-prosecuted. If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from the Plea Agreement in its entirety.

**B.     Defendant's Waiver of Rights.** If the defendant fails to keep any promise made in this Agreement, the defendant gives up the right not to be placed twice in jeopardy for the offense(s) to which the defendant entered a plea of guilty or which were dismissed under this Agreement. In addition, for any charge that is brought as a result of the defendant's failure to keep this Agreement, the defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations expired after the defendant entered into this Agreement.

Furthermore, if the defendant does not enter an acceptable plea, the Government will move to continue the trial now set to allow the Government adequate time to prepare. The defendant agrees not to contest such a continuance, and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h)(1)(I), (h)(3)(A), or (h)(8)(A).

X.  **MISCELLANEOUS**

A.  **No Other Terms**.  This Agreement is the complete understanding between the parties, and no other promises have been made by the Government to the defendant or to the attorney for the defendant.  This Agreement does not prevent any governmental agency from pursuing civil or administrative actions against the defendant, its principals, or any property.  Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this Agreement does not bind or obligate governmental entities other than the United States Attorney's Office for the District of Idaho.  The Government will bring the defendant's cooperation and pleas to the attention of other prosecuting authorities at the defendant's or defendant's counsel's request.

XI.  **UNITED STATES' APPROVAL**

I have reviewed this matter and the Plea Agreement.  I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

_____  
Wendy J. Olson  
United States Attorney

Date: 1/14/2011

_____  
Syrena C. Hargrove  
Assistant United States Attorney

Date: 1/14/11

_____  
Kevin T. Maloney  
Assistant United States Attorney

Date: 1-14-11

**Plea Agreement** -11- Rev. July 2010 (General)

XII.  **ACCEPTANCE BY DEFENDANT AND COUNSEL**

I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand the Agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning the plea to be entered in this case. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including to enter a guilty plea. I am satisfied with my attorney's advice and representation in this case.

[The signatures of the defendant and his attorney are attached on the following page, which reflects that it is page 19. There are no missing pages. The page discrepancy is due to conversion of the document between Word and WordPerfect. Some formatting was corrected after the defendant signed the document. The defendant and his attorney consent to the formatting changes and approve the attachment of the signature page in this manner.]

_David Nelson_ (signature)    1/10/2011

DAVID NELSON                                                         Date
Representative for Defendant
Tribravus Enterprises, LLC, d/b/a
I FORCE Nutrition, LLC


I have read this Plea Agreement and have discussed the contents of the

Agreement with my client.  The Plea Agreement accurately sets forth the entirety of the

Agreement.  I concur in my client's decision to plead guilty as set forth above.

_Rick Collins_ (signature)    1/13/2011

Rick Collins                                                          Date
Attorney for the Defendant